UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

April 24, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Nakia W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1930-BAH

Dear Counsel:

On August 3, 2022, Plaintiff Nakia W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 7), Plaintiff's dispositive brief (ECF 10), Defendant's motion for summary judgment[1] (ECFs 12), and Plaintiff's reply (ECF 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Defendant's motion, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on May 18, 2010, alleging a disability onset of April 1, 2010. Tr. 270–73. Plaintiff's claim was denied initially and on reconsideration. Tr. 95–97, 101–02. On January 24, 2012, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–44. Following the hearing, the ALJ issued a decision on March 13, 2012, concluding that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 78–90.

After Plaintiff requested review of the ALJ's March 13, 2012, decision, the Appeals Council vacated the decision and remanded the case to the ALJ. Tr. 91–94. The same ALJ held a second hearing on June 26, 2014, Tr. 45–62, and issued another decision on August 14, 2014,

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, Plaintiff filed a brief and Defendant styled its filing as a motion for summary judgment. *See* ECFs 10, 12.

[2] 42 U.S.C. §§ 301 et seq.

*Nakia W. v. Kijakazi*
Civil No. 22-1930-BAH
April 24, 2023
Page 2

again concluding that Plaintiff was not disabled. Tr. 8–30. After the Appeals Council declined to review the ALJ's August 14, 2014, decision, Tr. 1–6, Plaintiff petitioned this Court for judicial review. Tr. 724–31. On March 31, 2017, this Court reversed the decision in part and remanded the case to the SSA for further proceedings. Tr. 795–804. On remand, the Appeals Council vacated the ALJ's decision and consolidated Plaintiff's 2010 SSI claim with her subsequent claims for SSI and Title II Disability Insurance Benefits ("DIB"), Tr. 805–10, which she filed on July 7, 2015. Tr. 899–905, 906–13. On January 8, 2018, a second ALJ held a hearing on Plaintiff's consolidated claims. Tr. 654–94. The ALJ issued a decision denying both claims on March 19, 2018. Tr. 623–53.

The Appeals Council declined to review the ALJ's March 19, 2018, decision. Tr. 616–22. After Plaintiff again petitioned this Court for judicial review, the Court remanded the case to the SSA for further proceedings on May 5, 2020. Tr. 1618–29. Accordingly, the Appeals Council vacated the March 19, 2018, decision and remanded the case to an ALJ for further proceedings. Tr. 1630–34. A new hearing was held on August 9, 2021. Tr. 1552–78. On November 9, 2021, the ALJ issued a decision denying Plaintiff's claims. Tr. 1436–66.

The Appeals Council denied Plaintiff's request for review of the November 9, 2021, decision, Tr. 1429–35, so that decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff engaged in substantial gainful activity from January 2015 to December 2015, but that "there have been continuous 12-month periods during which [she] did not engage in substantial gainful activity." Tr. 1442–43. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "substance dependence; mood disorder; bipolar disorder; post-traumatic stress disorder (PTSD); major depression; anxiety disorder; panic disorder with agoraphobia; schizoaffective disorder, bipolar type; attention deficit hyperactivity disorder (ADHD); thyroid nodules/goiter; and obesity[.]" Tr. 1443. The ALJ also found that Plaintiff suffered from the non-severe impairments of bronchitis/upper respiratory infection, urinary tract infection, and vitamin D deficiency. *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. She can occasionally climb ladders, ropes, and scaffolds. She must avoid concentrated exposure to extreme heat, wetness, hazardous moving machinery, and unprotected heights. She can only perform simple, routine, repetitive, low stress (no strict production quotas) work. By use of the term; "no strict production quotas", it is defined as; [sic] no assembly line pace work but she is able to perform work activities at a normal and consistent pace for the typical 8-hour workday, 40-hour a week work schedule within customary employer tolerances for off-task behavior and absence from work each month, i.e.; off task no more than 15% of the workday and absence from work no more than one day of work each month. The claimant can only occasional [sic] interact with the public, co-workers, and supervisors. Changes in work duties must be introduced gradually.

Tr. 1445–46. The ALJ then determined that Plaintiff could perform past relevant work as a housekeeping cleaner (DOT[3] #323.687-014). Tr. 1452. The ALJ also made alternative findings that Plaintiff could perform other jobs that existed in significant numbers in the national economy, including bagger (DOT #920.687-014); store laborer (warehouse) (DOT #922.687-058), and night cleaner (DOT #381.687-018). Tr. 1453. Based upon these findings, the ALJ concluded that Plaintiff was not disabled. Tr. 1454.

## III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed relevant evidence and sufficiently explained his findings and rationale in crediting the

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Nakia W. v. Kijakazi*
Civil No. 22-1930-BAH
April 24, 2023
Page 4

evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

Plaintiff argues that the ALJ failed to support the RFC determination with substantial evidence. ECF 10, at 11–29. Specifically, Plaintiff avers that the ALJ failed to adequately explain his conclusion that Plaintiff can be "off task no more than 15% of the workday," frustrating judicial review. *Id.* at 13 (citing Tr. 1446). Plaintiff also avers that the ALJ failed to explain his conclusion that Plaintiff can perform work involving "no strict production quotas." *Id.* at 13–29. Defendant counters that substantial evidence supported the RFC determination because the limitations therein were based upon a thorough review of the evidence. ECF 12-1, at 5–8, 11–16. Defendant also avers that the ALJ properly considered the testimony of the vocational expert ("VE") in concluding that Plaintiff could perform work within customary tolerances for time off-task. *Id.* at 9–10.

A careful review of the record in this case shows that the ALJ's decision was not supported by substantial evidence. As stated above, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman*, 829 F.2d at 517. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence. *See, e.g.*, *Sterling*, 131 F.3d at 439–40.

Against this backdrop, the Court considers Plaintiff's claim that the ALJ's RFC determination is not supported by substantial evidence. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

Here, the ALJ limited Plaintiff to a 40-hour work week "within customary employer tolerances for off-task behavior and absence from work," which the ALJ defined as: (1) being "off task no more than 15% of the workday"; and (2) being absent from work no more than one day per month. Tr. 1445–46. But the ALJ provided no explanation of how he arrived at this specific percentage, or of how the evidence warrants a finding that Plaintiff can be off task for no more than a certain portion of a workday. The Court agrees with Plaintiff that this omission warrants remand.

"[A]n ALJ is not required to determine a percentage of time off-task, and can simply

consider whether a claimant has the ability to sustain work over an eight-hour workday." *Kane v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018). But if an ALJ chooses to cap a claimant's off-task time using a specific percentage, the ALJ must explain that determination by citing evidence. *See, e.g.*, *Fisher v. Comm'r, Soc. Sec.*, Civ. No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018) ("The ALJ . . . provided no support or explanation for this extremely specific conclusion."); *Carter v. Berryhill*, Civ. No. 17-4399, 2018 WL 4381275, at *12 (S.D.W. Va. Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 4169108 (S.D.W. Va. Aug. 30, 2018) (remanding where the ALJ "left the court to guess" at how the ALJ concluded that a claimant would be off-task for 15 percent of the workday); *Jeffrey B. v. Saul*, Civ. No. GLS-20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) ("The lack of any explanation as to how the ALJ calculated this percentage is significant because 'a one percent increase could preclude competitive employment.'") (internal citation omitted). Because the ALJ failed to explain how Plaintiff can be off-task for no more than 15 percent of a workday, my review of his decision is frustrated.

Defendant contends that the ALJ's off-task evaluation was supported by substantial evidence because the ALJ "discussed the relevant evidence . . . which . . . did not support greater off-task limitations than those he assessed[.]" ECF 12-1, at 8 (citations omitted). But Defendant's argument is unavailing because, while the ALJ may have "considered ample amounts of evidence and reached a clear conclusion," the decision is "immutably flawed in describing *how* the ALJ arrived" at the 15-percent off-task limitation in the RFC. *Bibey v. Saul*, Civ. No. JMC-19-2690, 2020 WL 7694552, at *4 (D. Md. Dec. 28, 2020) (remanding where the ALJ failed to explain how Plaintiff "would be off task for five percent of an eight-hour workday, as opposed to any other percentage.") (italics in original).

Further, as Plaintiff persuasively argues, the VE's testimony renders the ALJ's unexplained off-task evaluation problematic. ECF 10, at 16–18. In response to the ALJ's question regarding a hypothetical employer's tolerance for Plaintiff taking "extra breaks," the VE stated that "extra breaks are going to take that person off task 15% or more throughout the normal workday, [and] there's going to be no work." Tr. 1574–75. As such, the ALJ's failure to explain how his 15-percent figure was calculated is particularly harmful because, given the VE's testimony, "the assignment of a precise percentage of time off-task constituted a critical part of the disability determination." *Kane*, 2018 WL 2739961, at *1 (remanding where the "VE's testimony render[ed] the percentage of time off-task potentially work-preclusive"); *see also Zuhell D. v. Kijakazi*, Civ. No. BPG-20-3243 (D. Md. Dec. 23, 2021), ECF 19.

In sum, remand is warranted because the ALJ failed to adequately explain his conclusion that Plaintiff can remain off-task for no more than 15 percent of the workday, which was critical to the non-disability determination. Because the case is being remanded on other grounds, I need not address Plaintiff's argument regarding the ALJ's determination that Plaintiff was limited to work requiring no strict production quotas. On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

*Nakia W. v. Kijakazi*
Civil No. 22-1930-BAH
April 24, 2023
Page 6

## V.     CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment, ECF 12, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge